IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TYRON LARON COOKS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 117-027 |
| | ) | (Formerly CR 112-254) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed. (Doc. no. 9.) In his R&R, the Magistrate Judge rightly concluded that under the categorical approach, Petitioner's robbery by intimidation conviction contained as an element the threatened use of physical force. (See doc. no. 5, pp. 9-10.) The same conclusion is inescapable under the modified categorical approach as outlined in Descamps v. United States, 570 U.S. -, 133 S. Ct. 2276, 2281 (2013), and Mathis v. United States, 579 U.S. -, 136 S. Ct. 2243 (2016).

The exhibit attached to the government's opposition brief in Petitioner's first § 2255 motion and the undisputed facts in Petitioner's PSI, all of which fall within the scope of documents properly considered under the modified categorical approach, confirm that Petitioner was convicted under O.C.G.A. § 16-8-40 of robbery by intimidation. (Doc. no. 5, p. 9); CR 112-254, doc. no. 51-2, pp. 2,5; PSI ¶ 28 (Petitioner "pled guilty to the *lesser*

*included offense* [of robbery]") (emphasis added); see also O.C.G.A. § 16-8-41(a) ("The offense of robbery by intimidation shall be a lesser included offense in the offense of armed robbery."). Because the elements of this specific offense under O.C.G.A. § 16-8-40 exactly mirror the elements of the generic ACCA offense, Petitioner's prior robbery conviction qualifies as a predicate offense under the ACCA using the modified categorical approach. *Compare* O.C.G.A. § 16-8-40(a)(2) ("A person commits the offense of robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another . . . [b]y intimidation, by the use of threat or coercion, or by placing such person in fear of immediate serious bodily injury to himself or to another. . . .") *with* United States v. Lockley, 632 F.3d 1238, 1244 (11th Cir. 2011) ("we find the generic definition of robbery to be the taking of property from another person or from the immediate presence of another person by force *or* intimidation") (emphasis in original) (internal quotations omitted).

Accordingly, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **GRANTS** Respondent's motion to dismiss (doc. no. 3), and **DISMISSES** Petitioner's motion filed pursuant to 28 U.S.C. § 2255.

Further, a federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of his motion to vacate. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the

standards enunciated in <u>Slack v. McDaniel</u>, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action and **DIRECTS** the Clerk to enter final judgment in favor of Respondent.

SO ORDERED this ___19th___ day of July, 2017, at Augusta, Georgia.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.